IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES E. HEATH,

                                              ORDER

                  Plaintiff,

                                 11-cv-409-bbc

        v.

FRANKLIN CREDIT MANAGEMENT
CORPORATION, TIM McNURLEN,
PARK BANK, and ADVANTAGE AMERICA
TITLE & CLOSING SERVICES, INC.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Before the court are two motions:  defendant Tim McNurlen's motion to dismiss plaintiff Charles E. Heath's complaint and plaintiff's motion for leave to file a second amended complaint.  Before deciding those motions, it is necessary to determine whether plaintiff should be allowed to join the defendants he has attempted to add after the case was removed here.  I will give plaintiff an opportunity to advise the court of the citizenship of these defendants.

1

BACKGROUND

Plaintiff filed this suit on April 21, 2011 in the Circuit Court for Dane County, naming WMC Mortgage Company and Franklin Credit Management Corporation as the only defendants.  He alleged that his estranged wife, Minetta Heath, had forged a power of attorney and, in 2004, obtained mortgages against certain property.  (I infer from the complaint that plaintiff  had an interest in that property, although he does not say so explicitly.)  He alleged no facts suggesting that either defendant did anything improper but sought a judicial declaration that the mortgages obtained by his wife are invalid and unenforceable.  WMC removed the case to this court on June 7, 2007, with the consent of co-defendant Franklin Credit.  On August 8, 2011, plaintiff filed an amended complaint, adding as defendants Advantage America Title & Closing Services, Tim McNurlen and Park Bank.  He alleged that he is a resident of Wisconsin, that defendant McNurlen is a resident of the state of Wisconsin, that defendant Park Bank is a Wisconsin banking corporation with its principal place of business in Fitchburg, Wisconsin and that defendant Advantage America is a Wisconsin corporation.  Plaintiff alleged that McNurlen was negligent in notarizing Minetta Heath's signature and that he was acting as an agent of his employer, defendant Park Bank.  He alleged that defendant Advantage America was negligent in not confirming the validity of the power of attorney, not having both borrowers present and not following the lender's closing instructions that unless a power of attorney has been approved

2

by the lender, all documents mus be signed by all borrowers in person.  Plaintiff did not seek leave to file this amended complant.

On  September 29, 2011, defendant WMC Mortgage Company was dismissed from the case on the parties' stipulation.  Plaintiff filed a motion for leave to file a second amended complaint on October 12, 2011, seeking to add still another defendant, GMAC Mortgage, LLC, as an assignee of one of the mortgages.  He alleged no wrongdoing by this defendant.

Before then, defendant McNurlen moved on September 6, 2011, to dismiss plaintiff's first amended complaint as against him.  He might have moved to dismiss because the statute of limitations would have run on plaintiff's claims or because subject matter jurisdiction is lacking because the parties do not appear to be of diverse citizenship, but he did neither of these things.  Instead, he moved to dismiss on the ground that plaintiff had failed to state a claim against him on which relief could be granted.  Although that motion appears to be well grounded, I cannot reach it until I decide whether this defendant is properly joined in this case.  Defendant McNurlen has also filed objections to plaintiff's motion for leave to file a second amended motion, as has defendant Advantage America.

28 U.S.C. § 1447 governs procedure after the removal of a case to federal court. Subsection (e) provides that "[i]f after removal the plaintiff seeks to add additional defendants whose joinder would destroy subject matter jurisdiction," the court has two

3

options.  It "may deny joinder, or permit joinder and remand the case to the State court." In making the choice between these options, the court is to balance the equities, which include the plaintiff's motive for seeking joinder, the timeliness of the request to amend, whether the plaintiff will be significantly injured if joinder is not allowed and any other relevant equitable considerations.  Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009)

At this point, it is clear that, if plaintiff is a citizen of Wisconsin, which seems likely, two of the named defendants are of non-diverse citizenship.  Plaintiff has alleged that defendant Park Bank is incorporated in Wisconsin and has its principal place of business here and he has alleged that defendant Advantage America is a Wisconsin corporation. Because he has added or attempted to add these two defendants and two others to his case since it was removed to this court, it is his burden to show his citizenship and that of defendants McNurlen and GMAC Mortgage.

If plaintiff elects to make this showing, he must provide the court evidence of the citizenship of each party, including himself.  In his case and defendant McNurlen's, this means that he must show not just the states in which each of them resides but the states of which each is a *citizen*.  It is the citizenship, not the residency, of individual persons that matters for diversity jurisdiction purposes.  Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).  See also McMahon v. Bunn-O-Matic Corp., 150 F.3d 651,

4

653 (7th Cir. 1998) ("An allegation of residence is inadequate.").  An individual is a citizen of the state in which he is domiciled, that is, where he has a permanent home and principal establishment, and to which he has the intention of returning whenever he is absent from it.  Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

In the case of defendant GMAC Mortgage, LLC, which appears to be a limited liability company, plaintiff must show the citizenship of each member of the company and, if any of the members is itself an LLC, the citizenship of each of the members of *that* LLC. Plaintiff has alleged an amount in controversy of more than $75,000, so he has met the second of the two requirements of diversity jurisdiction.

Although I am placing the burden on plaintiff to make the necessary showing of diversity jurisdiction, defendants may submit declarations of their citizenship, if it is disputed and if they so choose, along with any arguments they have about why joinder should be permitted or denied.  If plaintiff does not make the required showing, I will assume that he does not want to contest the issue and I will deny joinder of the parties that he has sought to add in his first and second amended complaints.  The case will then proceed in this court against Franklin Credit only.   (Plaintiff alleged in his original complaint that this defendant is incorporated in the state of Delaware and has its principal place of business in New Jersey.)

If plaintiff makes the required showing, I will consider his arguments and any made

5

by defendants on the question whether to deny joinder or permit it and remand the case to state court.

This is an unfortunate bump in the road for defendant McNurlen, who seems to be entitled to dismissal of the complaint against him, if only because plaintiff never responded to defendant's motion to dismiss the complaint against him.  Nevertheless, a court cannot act in the absence of jurisdiction.

ORDER

IT IS ORDERED that

1. Plaintiff Charles E. Heath may have until November 17, 2011 in which to advise the court of his own citizenship and that of defendant Tim McNurlen and GMAC Mortgage LLC and to file a brief on the question whether this court should deny joinder of any newly added non-diverse defendants or permit joinder and remand the action to the state court.

2. If plaintiff does not file the necessary information, I will assume that he consents to the denial of joinder of all of the defendants he has attempted to add to this suit since it was removed and I will dismiss those defendants from the case.

3. Defendants may have until November 28, 2011, in which to file any declarations of their own citizenship, along with briefs on the question whether this court should deny joinder of any newly added non-diverse defendants or permit joinder and remand the action

6

to the state court.

Entered this 3d day of November,  2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge